**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 12-00716 VAP (OPx)                               Date:  May 30, 2012

Title:   PARVIS RAZAVIAN -v- DARWIN ROBINSON, et al.
===============================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                         None Present
    Courtroom Deputy                                   Court Reporter

ATTORNEYS PRESENT FOR                      ATTORNEYS PRESENT FOR
PLAINTIFFS:                                              DEFENDANTS:

    None                                                      None

PROCEEDINGS:       MINUTE ORDER REMANDING ACTION TO THE
                            CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF
                            SAN BERNARDINO (IN CHAMBERS)

     On May 7, 2012, Defendant Carmen Harris removed this action from the California Superior Court for the County of San Bernardino.  (<u>See</u> Not. of Removal (Doc. No. 1).)  Defendant alleges the Court has subject-matter jurisdiction to hear this matter pursuant 28 U.S.C. § 1331, because Plaintiff Parvis Razavian's state unlawful detainer claim is actually an artfully pled federal ejectment action under the Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. § 5220 note.  Defendant's argument lacks merit; for the following reasons, the Court REMANDS the action to the California Superior Court for the County of San Bernardino.

     Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441.  The Ninth

EDCV 12-00716 VAP (OPx)
PARVIS RAZAVIAN v. DARWIN ROBINSON, DOES I THRU III, INCLUSIVE
MINUTE ORDER of May 30, 2012

Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendant alleges the basis for removal is federal question jurisdiction, under 28 U.S.C. § 1331, because Plaintiff's claims "arise under" federal law. (See Not. of Removal ¶ 5.) From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint). Defendant argues that Congress intended to preempt state law unlawful detainer claims when it enacted the PTFA; as such, Plaintiff has no California state law action to bring – only a federal action, prescribed by the PTFA. (See Not. of Removal ¶¶ 13-14.)

"[B]ecause the States are independent sovereigns in our federal system," courts "have long presumed that Congress does not cavalierly pre-empt state law causes of action." Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996). "In all pre-emption cases, and particularly those in which Congress has 'legislated . . . in a field which the States have traditionally occupied, we start with the presumption that the historic police powers of the States were not superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'" Id. (quoting Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947)). This Court therefore begins its analysis with the observation that "[c]oncepts of real property are deeply rooted in state traditions, customs, habits, and laws." Reconstr. Fin. Corp. v. Beaver Cty., 328 U.S. 204, 209 (1946). While Defendant's Notice of Removal describes Congress's intent

EDCV 12-00716 VAP (OPx)
PARVIS RAZAVIAN v. DARWIN ROBINSON, DOES I THRU III, INCLUSIVE
MINUTE ORDER of May 30, 2012

"to occupy the field and break tradition, with a bold new law intended to protect tenants . . . " (Not. of Removal ¶ 12(d)), there is simply no evidence of Congress's intent to create a federal cause of action, supplanting states' unlawful detainer laws.

Indeed, the PTFA contains no "action" that a plaintiff could bring to affect an ejectment; it merely sets forth "basic protections . . . for tenants in every State, unless States have laws or practices that provide greater protections."  155 Cong. Rec. S8978 (daily ed. Aug. 6, 2009) (statement of Sen. Dodd).  If Congress intended the PTFA to preempt state law, then the PTFA would also eviscerate more protective state laws; instead, as Senator Dodd observed, the PTFA gives way to such laws.  See, e.g., Wyeth v. Levine, 555 U.S. 555, 574-79 (2009) (observing that state tort law is complementary of, rather than precluded by, federal drug labeling requirements).

Rather than provide a federal cause of action, the PTFA offers a federal law defense to state law unlawful detainer actions.  Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Existence of only a federal law defense cannot confer federal question jurisdiction on the Court, and therefore may not be the basis for removal of an action.  Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).  Accordingly, Defendant cannot invoke the Court's jurisdiction under 28 U.S.C. § 1331.

As the Court lacks subject-matter jurisdiction over this action, the Court REMANDS the matter to the California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**